**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

VICTOR HOLDER,

                              **Plaintiff,**

       -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT POLICE OFFICER JIMENEZ,
SH # 14178,POLICE OFFICER CHARLENE SMITH,
SH # 29722 and POLIC OFFICER SGT. PETER O'NEILL,
SH # UNK,

                              **Defendants.**
-----------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 1 4 2009 ★

BROOKLYN OFFICE

**COMPLAINT**
**Plaintiff Demands**
**A Trial by Jury**

**09    2995**

WEINSTEIN, J.

CARTER, M.J.

      Plaintiff, by DAVID SEGAL, his attorney, respectfully alleges as follows:

### JURISDICTION

1. This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

2. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law.

### VENUE

3. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of New York, City and State of New York, in the Eastern District of New York.

### PARTIES

4. Plaintiff, VICTOR HOLDER, was at all times herein mentioned, a citizen and resident of the State of New York.

5. The defendant, CITY OF NEW YORK, (hereinafter referred to as CITY) is a municipal corporation and political subdivision of the State of New York.

6. That the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as NYPD) is a municipal agency under the supervision and control of the defendant CITY.

7. That the defendant, Police Officer Jimenez, Shield # 14178 (JIMENEZ), assigned to the 77th Pct. is a police officer employed by the defendants, CITY and NYPD.

8. That the defendant, Police Officer Charlene Smith, SH # 29722 (SMITH) assigned to the 77th Pct. is a police officer employed by the defendants, CITY and NYPD.

9. That the defendant, Police Officer Sgt. Peter O'Neill, SH # Unk (O'NEILL) assigned to the 77th Pct. is a police officer employed by the defendants, CITY and NYPD.

10. Plaintiff duly and timely served a statutory Notice of Claim upon the defendants, CITY and NYPD.

11. That the plaintiffs have complied with all the conditions precedent to the institution of this action and has complied with all the provisions of the charter of the City of New York in relation thereto and in particular has duly presented his claims herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of this action and within ninety (90) days after the injuries hereinafter described were received, duly served his notice of intention to sue upon the3 claim hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of action against the defendants.

2

12.  That all times herein mentioned, defendants JIMENEZ, SMITH and O'NEILL were employed by the defendants, CITY and NYPD, in the capacity of police officer of the City of New York, and was assigned to the 77th Pct. in the County of Kings, and each was acting in such capacity as the agent, servant and employee of the defendants, CITY and NYPD. Each is sued individually and in their official capacity.

13.  That at all the times herein mentioned, defendants, JIMENEZ, SMITH, and O'NEILL, were acting under color of state law and under their authority as an NYPD police officer for the defendant, CITY and NYPD.

14.  That at all times herein mentioned, the defendants JIMENEZ, SMITH, and O'NEILL, were acting under color of state law and under their authority as NYPD Police Officers for the defendants, CITY and NYPD.

## FACTS

15.  On January 17, 2007, at or about 6:00 p.m. at Troy Avenue and Eastern Parkway, in the County of Kings, plaintiff VICTOR HOLDER was forcibly arrested and imprisoned by defendants JIMENEZ and SMITH.

16.  The plaintiff lives at 1508 President Street.  The plaintiff was on his way home.

17.  Plaintiff was not disturbing anyone. No complaints were made by anyone about plaintiff as he walked home.

18.  Plaintiff prior to his arrest did not commit any crimes or violations of the law as he walked home.

19.  Plaintiff did not have in his possession any narcotics at the time of his arrest.

20.  The charge for which plaintiff was arrested was Criminal Possession Of A Controlled Substance In The Seventh Degree.

21. After being arrested, the plaintiff was taken to the 77th Precinct in the County of Kings for processing and appeared before the defendant O'NEILL who was the desk sergeant on duty.

22. After being processed at the 77th Precinct plaintiff was taken to the Criminal Court of The City of New York, County of Kings for arraignment.

23. On January 18, 2007 plaintiff was arraigned on Criminal Court Complaint Docket 2007KN004820, charging him with Criminal Possession Of A Controlled Substance In The Seventh Degree.

24. The plaintiff was released from the Criminal Court on his own recognizance.

25. From January 18, 2007 to March 14, 2008, plaintiff appeared in the Criminal Court, County of Kings.

26. On March 14th, 2008, in Jury 1, of the Criminal Court of the City of New York, County of Kings, all charges against plaintiff were dismissed.

27. Defendants JIMENEZ and SMITH committed the following acts: a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff for alleged violations of the N.Y.S. Penal Law. b) Failed and refused to timely advise plaintiff of the reasons for his arrest. c) Maliciously and without provocation, used excessive, illegal, and unjustified force to arrest plaintiff. d) Falsely swore to a Criminal Court Complaint charging plaintiff with possession of narcotics when they knew plaintiff had not committed that crime.

28. That following plaintiff's arrest, the defendants JIMENEZ, SMITH , and O'NEILL, jointly and severally, and acting in active concert committed the following acts:

a) Made false statements to a superior officer at the scene of the occurrence and at the 77th Pct. concerning plaintiff's actions, arrest and imprisonment.

4

b) Continued to detain plaintiff knowing that the charges were false.

c) Covered up their actions.

## *FIRST CAUSE OF ACTION*

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "28" of the complaint, as if the same were set forth more fully and at length herein.

30. That as a direct and proximate result of the intentional and malicious acts of the defendants, JIMENEZ, SMITH, and O'NEILL, jointly and severally, and acting in active concert as described, all committed under color of state law and under their authority as NYPD Police Officers employed by defendants, CITY and NYPD, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, CITY and NYPD, the defendants caused plaintiff to be falsely arrested and imprisoned.

31. That by engaging in the foregoing acts, practices and courses of conduct, the defendants, JIMENEZ, SMITH, and O'NEILL used their positions as uniformed NYPD Police Officers for improper purposes, subjecting plaintiff to arrest, imprisonment, physical abuse, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, imprisonment and seizure of his person without probable cause, to be free from unnecessary force, to be informed as to the reasons for his detainment and arrest, and to be secure in his rights to liberty and to representation by counsel.

32. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any improper, criminal or suspicious conduct on the part of plaintiff.

## SECOND CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "32" inclusive, as if the same were set forth herein more fully and at length.

34. The defendants, JIMENEZ, SMITH, and O'NEILL, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

a) Refused to aid plaintiff at the location of the occurrence and at the 77th Precinct.

b) Covered-up their actions.

c) Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his arrest.

d) Assisted in the arrest of plaintiff for alleged violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest and charges.

35. That by engaging in the foregoing acts, all committed under color of state law and under their authority as Police Officers employed by the defendants, CITY and NYPD, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, CITY and NYPD, the defendants JIMENEZ, SMITH, and O'NEILL, acting in active

6

concert jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

## *THIRD CAUSE OF ACTION*

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" inclusive, as if the same were set forth herein more fully and at length.

37.  That defendant, CITY and NYPD, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise the aforesaid Police Officers and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their police officers, directly caused the harm suffered by plaintiff.

38. That the acts of defendants, JIMENEZ, SMITH, and O'NEILL, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## *FOURTH CAUSE OF ACTION*

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "38" of the complaint , as if the same were set forth herein more fully and at length.

40. That defendants, JIMENEZ, SMITH, and O'NEILL, by their deliberate acts and reckless conduct maliciously prosecuted plaintiff knowing that he did not commit the crime charged.

41. That the acts of defendants, JIMENEZ, SMITH, and O'NEILL committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

42. That the acts of the defendants JIMENEZ, SMITH, and O'NEILL were willful, reckless, wanton, malicious and done with the intent to injure plaintiff.

43. That the acts of the defendants JIMENEZ, SMITH, and O'NEILL damaged plaintiff's reputation and character in his community.

44. That the charging of plaintiff in the Criminal Court of the City of New York, County of Kings, with the aforesaid crime was without probable cause and for the purpose of vexing and harassing plaintiff, and disgracing plaintiff in his community and injuring his character and reputation.

45. That the above actions of the defendants, JIMENEZ, SMITH, and O'NEILL, jointly and severally, and acting in active concert caused plaintiff to suffer severe and permanent emotional injuries.

### *FIFTH CAUSE OF ACTION*

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "45" of the complaint, as if the same were set forth herein more fully and at length.

47. That defendants, JIMENEZ, SMITH, and O'NEILL perverted the use of regularly issued process with the intent of causing harm to plaintiff without justification.

8

48. That the arrest of plaintiff and the further prosecution by the defendants, JIMENEZ, SMITH, and O'NEILL was an abuse of process.

49. That the acts of the defendants, JIMENEZ, SMITH, and O'NEILL damaged plaintiff's reputation and character in his community.

50. That the above actions by the defendants, JIMENEZ, SMITH, and O'NEILL caused plaintiff to suffer severe and permanent emotional injuries.

***WHEREFORE***, plaintiff VICTOR HOLDER, demands judgment as follows:

A. As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. As to the second cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C. As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars. D. As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty Five Million ($25,000.000.00) Dollars and punitive damages against the defendants in the sum of Twenty Five Million ($25,000,000,00) Dollars. E. As to the fifth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five

Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of

Twenty-Five Million ($25,000,000.00) Dollars. F. And for such other and further relief as maybe

just and proper.

Dated: New York, New York
      June 26, 2009

Yours, etc.,

_____
David Segal (DS 5108)
Attorney for Plaintiff
Office & P.O. Address:
30 Vesey Street, Suite 900
New York, N.Y. 10007
(212) 406-9200

Hon:

RJI No.:

Year

Index No.:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

VICTOR HOLDER,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CIT POLICE DEPARTMENT
POLICE OFFICER JIMENEZ, SH # 14178,
POLICE OFFICER CHARLENE SMITH, SH # 29722
and POLIC OFFICER SGT. PETER O'NEILL, SH # UNK,

Defendants.

## COMPLAINT

**DAVID SEGAL**
Attorney for Plaintiffs
Office & Post Office Address, Telephone
**30 VESEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

Signature (Rule 130-1.1-a)

To:

_____

Print name beneath

Attorney(s) for

is hereby admitted.

Service of a copy of the within
Dated,

_____

Attorney(s) for

Please take notice

í NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on

í NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                    on

Yours, etc.
DAVID SEGAL
Attorney for Plaintiffs
Office & Post Office Address
**30 VESEY STREET
NEW YORK, NY 10007**

To:

Attorney(s) for: